ACCEPTED
03-14-00737-CV
7565097
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/27/2015 3:57:33 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00737-CV

# In the Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/27/2015 3:57:33 PM
JEFFREY D. KYLE
Clerk

_____

CHASE CARMEN HUNTER
*Appellant*,

v.

DAVID MATTAX[1] AND
AND THE TEXAS DEPARTMENT OF INSURANCE
*Appellees*.

_____

On Appeal from the 250th Judicial District Court
Cause No. D-1-GN-13-001957
Travis County, Texas

_____

APPELLEES' RESPONSE TO APPELLANT'S
EMERGENCY MOTION FOR CLARIFICATION OF THE RECORD

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellees David Mattax, and the Texas Department of Insurance, ("Appellees"), hereby file their response to Appellant's Emergency Motion for Clarification of the Record.

---

[1] The underlying case was originally styled Chase Carmen Hunter v. Eleanor Kitzman and the Texas Department of Insurance. Kitzman was sued only in her official capacity as the Commissioner of Insurance. Kitzman was succeeded by Julia Rathgeber, and Appellant amended the case style to add Rathgeber's name (again only in her official capacity), but retained Kitzman's name "in her official capacity." Rathgeber has since been succeeded by David Mattax, who as the current Commissioner of Insurance is the only person with any official capacity as Commissioner of Insurance, is the proper appellee in this appeal along with the Texas Department of Insurance. Tex. R. App. P. 7.2(a).

## I.

In her Emergency Motion for Clarification of the Record, Appellant states that: (1) there is no notice in the record of any court setting dated in June 2014; and (2) the record does not contain a copy of any dismissal order dated August 25, 2015. Appellant asks this Court to give her the relief requested in this appeal and the relief requested in her petition for writ of mandamus, cause number 03-15-00218-CV.

## II.

Appellant is partially correct about the state of the record. The record does not contain a copy of the court setting dated in June 2014. Appellees were aware of the setting because a notice of such setting was mailed to Appellees. Appellees attached a copy of such notice as Appendix C to its brief and requested the District Clerk to send a supplemental record with such notice to this Court. *See Appellee's Brief*, Appendix C, and p.5, n.7. No such supplemental record has been filed, leading Appellees to assume that the District Clerk did not retain a copy of the sent notice in the file.

Appellee is incorrect in her assertion that no dismissal order dated August 25, 2014 appears in the record. The dismissal order appears in the Clerk's Record at CR224–32. The underlying case is listed on the ninth page (p.231). A copy was attached to *Appellee's Brief* as Exhibit A. *See Appellee's Brief*, Appendix A.

Thus the record before this Court includes a copy of the dismissal order dated August 25, 2014. *See* CR224–32.

Thus the only document missing from the record is the notice of setting mailed in June 2014. This document is not material to the resolution of this appeal and is not relied upon by either party for any substantive arguments. It was mentioned by Appellees in its recitation of the facts only and not referenced by Appellant at all.

## III.

It is unclear what relief Appellant is seeking in her motion. She asks this Court to grant the relief requested in her appeal in this cause and also the relief requested in the disposed-of cause number 03-15-00218-CV.

To the extent that Appellant is requesting that she prevail on the merits of her appeal based on the failure of the record to contain a copy of the June 2014 notice, Appellees would note that the record contains all the contents required by Texas Rule of Appellate Procedure 34.5(a) (which does not include copies of any notices or any mailings), and that Appellant did not file any written designation with the trial court specifying the inclusion of such notice in the record, or indeed of any additional items as would be required by Texas Rule of Appellate Procedure 34.5(b). No designation under Rule 34.5(b) has been made by any party to this case. Thus, the record is complete under the Rules.

To the extent that Appellant is requesting that she prevail on the merits of her appeal based on the failure of the record to contain the August 25, 2014 order of dismissal, Appellant is factually incorrect as that document is in the record at CR224–32.

To the extent that Appellant is requesting that this Court enter mandamus relief against the District Clerk requested in 03-15-00218-CV, a motion is not the appropriate vehicle for mandamus relief. Moreover, as noted, a supplemental record including the two items mentioned in the motion is unnecessary for the resolution of this appeal as the June 2014 notice is not material and the August 25, 2014 order already appears in this Court's record.

### III.

Accordingly, Appellees respectfully request that this Court deny Appellant's Emergency Motion for Clarification of the Record.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

LESLI G. GINN
Division Chief
Financial Litigation and Charitable Trusts Division

4

/s/ Cynthia A. Morales

Cynthia A. Morales
Assistant Attorney General
Texas State Bar No. 14417420
Financial Litigation and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-4470 Phone
(512) 477-2348 Fax
cynthia.morales@texasattorneygeneral.gov

**Counsel for Appellees**

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015, the above and foregoing *Appellees' Response to Appellant's Emergency Motion for Clarification of the Record* was filed and served via e-service on:

Chase Carmen Hunter
340 S. Lemon Avenue #9039
Walnut, CA 91789
chase_hunter@yahoo.com
Fax: (703) 997-5999

/s/ Cynthia A. Morales

Cynthia A. Morales
Assistant Attorney General